IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 1:14-CR-20 |
| | § | |
| LEON TIMOTHY DANCY | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 28, 2014, alleging that the Defendant, Leon Timothy Dancy, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Dancy was sentenced on June 1, 2001, before the Honorable F.A. Little, Jr., of the Western District of Louisiana after pleading guilty to the offense of possession with intent to distribute cocaine, a Class B felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of III, was 210 to 262 months. Dancy was subsequently sentenced to 222 months' imprisonment, followed by eight years' supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; $20,000 fine; $1,000 restitution; and a $100 special assessment. On August 10, 2006, Mr. Dancy's sentence was amended to reflect a

reduction in sentence from 222 months' imprisonment to 150 months' imprisonment. On June 13, 2008, Dancy received a reduction of his sentence. His offense level was reduced from 35 to 33, and his imprisonment range was reduced from an imprisonment range of 210 to 262 months to an imprisonment range of 168 to 210 months. Dancy's imprisonment sentence was subsequently reduced to 145 months' imprisonment, followed by eight years' supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; a $20,000 fine; $1,000 restitution; and a $100 special assessment.

## II. The Period of Supervision

On July 19, 2010, Dancy completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision alleging four violations: 1) and 2) on May 31, 2013, Dancy was arrested in Houston, Texas, and charged with manufacture/delivery of a controlled substance (cocaine), over 400 grams, and formally charged in a criminal complaint filed on June 1, 2013, in the 232nd District Court, in Harris County, Texas, under Cause No. 1389962, and on June 5, 2013, a criminal complaint was filed against Dancy in the Eastern District of Texas, Beaumont Division (Docket No. 1:13mj79-2), which charged Dancy with intent to distribute a controlled substance, namely cocaine. According to the complaint, the investigation leading to Dancy's arrest in Houston originated from an arrest and controlled substance seizure, which occurred on May 8, 2013, in Beaumont, Texas; 3) on May 31, 2013, Dancy was arrested in the company of Clifton Bromon, who was charged as a co-conspirator with Dancy in Docket No. 1:13mj79, and a review of Harris County District Clerk records reveals that Bromon

has been previously convicted of multiple felony and misdemeanor law violations, including drug possession/distribution, unlawful weapon possession, and evading arrest, and 4) Dancy failed to contact the probation officer following his arrest on May 31, 2013.

### IV. Proceedings

On March 11, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation, which asserted that he shall not commit another federal, state, or local crime.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of eighteen (18) months' imprisonment, with no term of supervised release to follow.

### V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to Title 18 U.S.C. § (g)(1), if a defendant possesses a controlled substance in violation of the conditions set forth in subsection (d), the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class B felony, therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that Dancy violated conditions of supervision by being arrested on May 31, 2013, charged and/or convicted of conspiracy to possess with intent to distribute a controlled substance, namely cocaine, he will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade A violation and a criminal history category of III, the guideline imprisonment range is 18 to 24 months.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by committing another state, federal, or local crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade A violation, and his criminal history category is III. Policy guidelines suggest 18 to 24 months' imprisonment.

The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by committing another federal, state, or local crime. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of 18 (eighteen) months' imprisonment, with no term of supervised release to follow.

## VII. Recommendations

1. The court should find that the Defendant violated a mandatory condition of supervised release by committing another state, federal, or local crime;

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of eighteen (18) months' imprisonment, with no term of supervised release to follow. Such sentence is to run consecutively to any sentence of imprisonment the Defendant is serving.

4. The Defendant has requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Beaumont, Texas, to facilitate family visitation. The court should recommend that facility if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 13th day of March, 2014.

_____
Zack Hawthorn
United States Magistrate Judge